Morgan, Lewis & Bockius LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001
www.morganlewis.com



Morgan Lewis
COUNSELORS AT LAW

**Carrie A. Gonell**
Partner
949.399.7160
cgonell@morganlewis.com

October 17, 2013

**VIA ECF**

Molly C. Dwyer
Clerk of the United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94119-3939

Re:   **Henderson, et al. v. JPMorgan Chase Bank, N.A.**
      **Case No. 13-56095**

Dear Ms. Dwyer:

On September 27, 2013, after Defendant-Appellee JPMorgan Chase Bank, N.A., ("Chase") filed its Answering Brief, the Ninth Circuit issued its decision in *Abdullah v. U.S. Sec. Assocs.*, -- F.3d --, No. 11-55653, and the Plaintiffs-Appellants subsequently cited it in their Reply Brief. Dkt. No. 19-1. Pursuant to FRAP 28(j), Chase hereby addresses why *Abdullah* supports affirming the District Court's denial of certification.

In *Abdullah*, the employees challenged USSA's policy of providing on-duty meal periods, which California permits "only when the nature of the work prevents an employee from being relieved of all duty." USSA's position was that the guards could not take a meal break "*solely because* no other guards are available to cover for them during their meal periods" due to USSA's single-guard staffing model. 2013 WL

**Morgan Lewis**
COUNSELORS AT LAW

Molly C. Dwyer
October 17, 2013
Page 2

5383226, at *7. The Ninth Circuit affirmed class certification because USSA failed to "demonstrate not just that its employees' duties varied, but that they varied to an extent that some posts would qualify for the 'nature of the work' exception, while others would not." *Id.*

Here, the District Court found not only that Teller and Lead Teller duties varied, but that they varied such that the "nature of the work" of some employees could reasonably permit the use of seats, while others would not. *See, e.g.,* Order at 12 ("[A] teller at one branch may have duties different from a teller at another branch. As a result, a teller at one branch may be able to perform his or her duties seated while a teller at another branch could not."). These factual findings are entitled to deference on review. Moreover, Chase has never argued, as USSA did in *Abdullah*, that the "nature of the work" performed by Tellers or Lead Tellers does not reasonably permit the use of a seat "solely because of" one reason commonly shared by class members.

The District Court did not abuse its discretion in denying certification because Plaintiffs-Appellants' claims will not "prevail or fail in unison" and, thus, *Abdullah* supports affirmance of the District Court's order. 2013 WL 5383226, at *11.

Respectfully submitted,

*/s/ Carrie A. Gonell*

Carrie A. Gonell

## CERTIFICATE OF COMPLIANCE

I certify, that the body of this letter complies with the word limitation of Fed. R. App. P. 28(j) because it contains 345 words, excluding the date, addresses, subject line, and the second-page header containing the addressee's name, date, and page number.

Dated:  October 17, 2013                     Respectfully submitted,

                                             MORGAN, LEWIS & BOCKIUS LLP

                                             By  /s/ Carrie A. Gonell
                                                 Carrie A. Gonell
                                                 Attorneys for Defendant-Appellee
                                                 JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, I electronically filed the foregoing "Rule 28(j) letter" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 17, 2013

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Carrie A. Gonell
   Carrie A. Gonell
   Attorneys for Defendant-Appellee
   JPMORGAN CHASE BANK, N.A.